(No. 12284.—Judgment affirmed.)

ARVID B. BERGSTROM, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(ANNA E. SHAW, Defend-
ant in Error.)

*Opinion filed December 18, 1918.*

WORKMEN'S COMPENSATION—*when an award must be upheld.*
Where there is no contention that the parties are not under the
provisions of the Compensation act, an award by the Industrial
Commission must be upheld if there is any competent evidence in
the record tending to support the claim that the death of the em-
ployee was the result of an accident arising out of and in the course
of his employment.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

SABATH, STAFFORD & SABATH, (CHARLES B. STAF-
FORD, and THOMAS M. ZASADIL, JR., of counsel,) for plain-
tiff in error.

JAMES NICHOLAS LORENZ, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

George H. Shaw was employed by plaintiff in error as
a sheet-metal worker. On September 26, 1916, he received
an injury to his ankle and was taken to a hospital, where
he was operated on October 14 and a bone, called the as-
tragalus, removed. About four weeks later he was removed
to his home. His doctor and hospital bills were paid by
plaintiff in error, whose physician continued to treat him
until December 14, after which time he was treated by Dr.
Horn, his family physician. The wound from the opera-
tion healed and Shaw was able to move about the house on
crutches and go out of doors when the weather was pleasant.
His foot was kept in a cast for some time, and due to some
cause an ulcer developed on the ball of his foot; also a

pimple on the outerside of the leg formed, from which a small amount of pus was discharged, and a short time before his death a large abscess came on the back of his neck. On the afternoon of March 2 Shaw went with a friend for an automobile ride and was out from about three o'clock to about 6:30. The temperature was from 30 to 31 degrees. When Shaw returned home he ate his dinner, after which he went to a drug store near by to get some medicine for his injured foot. Later he retired to bed and at 7:30 o'clock next morning ate breakfast in bed, consisting of coffee and a roll. He made no complaint of feeling ill. At nine o'clock he called his wife to his bed and said he wanted to spit. His wife assisted him to rise up, when his head fell over on her shoulder and she discovered he was dead. There was no struggle or shudder.

Mrs. Shaw made application for an award under the Workmen's Compensation act. On a hearing before an arbitrator the claim for an award was denied. The claim was presented to the Industrial Commission for review on the same evidence heard by the arbitrator and some additional evidence, and that body made an award in favor of the claimant. The award was reviewed and affirmed by the circuit court. The presiding judge certified the case was a proper one for review by this court, and it comes here by writ of error.

There is no dispute that the parties were under and subject to the act, but an award is resisted on the ground that the death did not result from an accident arising out of and in the course of the employment.

Dr. Springer, the coroner's physician, testified he held a post-mortem on Shaw. He described the condition of his foot and leg, and said on opening the body he found the right lung congested and edematous and hypostatic pneumonia in the left lung. The heart was slightly enlarged. The liver was slightly congested, but both it and the kidneys showed no changes. The spleen was enlarged, soft and

pulpy, indicating sepsis. In his opinion Shaw "came to his death from hypostatic pneumonia, associated with injuries of the foot." He further testified: "He died of general sepsis,—one of the main factors causing the condition of hypostatic pneumonia."

It is insisted by plaintiff in error that the injury to the foot had no connection with the death; that the conditions which caused the death were the direct result of the exposure from the automobile ride. Shaw wore no overcoat during the ride. He had on flannel underwear, his limb was wrapped in flannel and he was wrapped to the armpits in a heavy lap-robe. Several physicians testified, most of them as experts. Their testimony is too voluminous and technical to set out in this opinion. They did not all agree, and the opinions expressed by some of them tend to support the contention of plaintiff in error. Others expressed the opinion that death resulted from the continued septic process and that the ride in the automobile had nothing to do with it. We cannot weigh the evidence. If there is any competent testimony fairly tending to support the claim of defendant in error we cannot consider the weight of the evidence and reverse the judgment because in our opinion it is contrary to the preponderance of the testimony. (*Munn* v. *Industrial Board,* 274 Ill. 70; *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 id. 454; *Schwarm* v. *Thomson & Sons Co.* 281 id. 486.) There was competent testimony to support the claim of defendant in error that the death resulted from an accident arising out of and in the course of the employment.

No errors of law are assigned for a reversal of the judgment, and it is affirmed.                    *Judgment affirmed.*